Bland, Chancellor.
This is indeed a case of very small amount in value; but it involves principles which are of the greatest importance as regards the practice and course of proceeding in this court. The right of this tribunal to resort to some effectual means of collecting legal testimony of every description, it is manifest, must be found among the powers necessarily belonging to it as a court; for, without such a power, it would be impossible to proceed with due effect in the administration of justice in any controverted case whatever. The only inquiry therefore is, as to the mode of proceeding which should be adopted to attain that great object. (a)
In England, the leading process, in courts of equity, is the subpoena ad respondendum, which is not, like the first process in a suit at common law, directed to the sheriff, commanding him to *435 summon, or to have the defendant before the court to answer the complaint of the plaintiff; but it is always addressed, personally, to the defendant himself, commanding him to appear and answer. It does not appear, that this first process in equity wTas ever required in England to be executed by a sheriff, who is the officer of the court, or by the messenger, as its immediate officer; (b) but it might be executed by any one, so that the court was satisfied by proof of its having been duly served, (c) If, after a subpeena has been served the defendant fails to appear, then the next process is an attachment; which is a writ directed to the sheriff, commanding him to attach the defendant so as to have him before the court. And if the defendant still persists in his contumacy, the several subsequent writs, which may be issued to compel an appearance, are all, in like manner, directed to the sheriff, (d) But as a sheriff is a mere local officer, having no authority beyond the bounds of his county, he cannot bring a defendant, who he has so taken into his custody, into the court while it is sitting in a remote or different county. And therefore upon his return of the fact of the defendant having been attached, the court, on application, will order him to be brought before it by a special messenger, (e)
In England when a commission issued to take testimony, as the commissioners Avere specially directed to call the witnesses before them, they might and most usually did so, by a process signed by two or more of them. But it was thought to be more regular and effectual to issue a subpeena ad testificandum, from the court itself, commanding the witnesses to attend upon the commissioners. This subpeena, as well as the subpeena duces tecum, which seems to be now little used in England, (f) like the leading process of the court, was not addressed to the sheriff, but to the witness himself, and might be served by any one. But if a witness failed or refused to attend, or to testify; and the court was satisfied by a certificate of the commissioners, and an affidavit of the fact, that the writ had been served, an attachment might be issued, directed to the sheriff, commanding him to attach the witness, who, on being taken by the sheriff, might, as on an attachment consequent upon a subpeena ad respondendum, be brought before the court by a special messenger. (g)
*436 In Maryland the forms of these writs are the same as in England, they are always addressed to the party to answer or to testify ; (h) and as in England they may be executed by any one, so that the court • be ■ satisfied, by affidavit, that they have been served, (i) Here as in England, the commission to take testimony directs the commissioners cto cause to come before them all such evidences as shall be named to them by either the plaintiff or defendant.’ Under this authority, which has been expressly recognized by positive legislative enactment, (j) the commissioners have always, when necessary, summoned the witnesses to come before them; and on their failing to attend, there seems to have befen no doubt, at any time, that they might, on their contumacy being shewn to the court, be forced by attachment’to attend and testify, even under a commission from a foreign tribunal. (k) And although the Legislature has provided a new and additional form of compelling the attendance of witnesses before commissioners authorized to take evidence, they have not introduced a more cheap and expeditious mode of' proceeding. (l)
But,- to clear- away the difficulty which has been presented in this- -case, it will be necessary to ascertain how far the sheriffs of the several counties can be considered as the executive officers of this court for the purpose of serving writs of subpoena as well as of attachments.
It may be safely assumed, that where the Legislature has speci'fically alio wed-to a sheriff a particular fee for the execution of any •process,-that such allowance of a fee may be considered as a vir•tual declaration, that it is his official duty to execute such process. •The last provincial act of Assembly by which officers’ fees were regulated, makes a clear distinction between a subpcena ad respondendum, and a subpoena ad testificandum, by designating the first specially; and then, in the same section, allowing to the secretary a different fee for ‘every subpcena and return.’ But as the secretary was then the register in Chancery, as well as the clerk to the higher courts of common law, it may be supposed, that these last *437 mentioned kinds of subpcena were only those which issued from the courts of common law. But the same law, in a subsequent section, allows to the sheriff a fee for ‘serving a subpcena,’ without making any allusion whatever to the court whence it may issue; it also allows to the sheriff a fee for executing a ‘Proclamation of Rebellion,’ a process known only to the Court of Chancery, whence it is sufficiently evident, that it was then considered to be the duty of the sheriff to serve subpoenas as well as to execute all other process issuing from the Court of Chancery. (m)
The acts of Assembly regulating officers’ fees under the government of the Republic are, in this respect, entirely unequivocal. For, in those paragraphs in which the fees of the register in Chancery are regulated, the subpcena ad respondendum is, by name, set down as the first item for which he is to be allowed a fee; and then he is allowed another fee ‘for every subpcena and return;’ which clearly shews, that those two kinds of subpcena were issued from the Court of Chancery; and that the register was to be compensated for each. And then, in other sections, by which the sheriff’s fees are regulated, it appears, that he is to be allowed a fee for ‘serving a subpcena and return.’ (n) There is, it is true, no designation of the kind of subpoena, or of the court whence it emanates, for which he is to be thus compensated; hut then the phrase is general, and sufficiently comprehensive to embrace all kinds of subpoenas, as well all those issuing from the Court of Chancery as from other courts. By the same laws the sheriff is allowed a fee for executing the process of a ‘Proclamation of Rebellion,’ which, although now abrogated, (o) it is well known could then he issued only from the Court of Chancery. The late act for regulating the fees of certain officers, (p) is silent as to sheriffs’ fees; and therefore, affords nothing illustrative of the question now under consideration.
From these legislative enactments it is clearly deducible, that it was then considered as the duty of the sheriff to execute subpoenas and all other process emanating from the Court of Chancery. And besides, it appears from the records of the court itself, to have been the constant practice and usage for the sheriff to execute all subpoenas ad respondendum, ad testificandum, and duces tecum, which issued from it, as -well as attachments. And it also appears, that on taking a party into custody, under an attachment, it had always *438 been held to be within the power, and to be the duty of the sheriff to come out of his county, for the purpose of bringing the party so attached, actually before the court at the place where it was then located by law. (q)
Hence I feel satisfied, that, although subpoenas from this court may be served by any one,, as in England, yet that such writs are here to be considered as, in effect, directed to the sheriff of the county in which the party to be Summoned may be found; that it is as much the official duty of. the sheriff to execute such subpoenas as any other process emanating from this court; and, that all the like consequences follow, both as regards the sheriff and the parties from the execution, or the neglect of such process, as from any similar process specially directed to the sheriff.. How, or when this usage or principle commenced, or became established, is of no importance; but it certainly accords entirely with that direct energy, cheapness, and simplicity of character by which our chancery course of proceeding is so peculiarly distinguished.
In England, it would seem, that the power of sheriffs is so strictly local, that they cannot go beyond their respective counties even for the purpose of completing a duty begun within them; and yet, that, within their respective bailiwicks, they are considered as the executive officers of the High Court of Chancery! (r) But in Maryland the sheriffs of the several counties are held to be, for every purpose, the executive officers of this court; each ranging only within his own county for the performance of whatever duty is to be there begun or entirely executed; and with power to go beyond it, any where, in obedience to process, the execution of which has been commenced there. The Legislature has not only recognized and affirmed this to be the right and duty of the several sheriffs of the state, as regards the Court of Chancery, (s) but this court has been provided with additional means of enforcing the performance of this duty as against any sheriff, coroner, or other officer, or person to whom any process or order according to the course of the chancery court may he directed or delivered ; or any sheriff, coroner, or other public officer, to whose hands any writ, process, or order of the chancery court may come or be delivered; (t) it has been *439 authorized to enforce its decrees, by like process as the courts of common law upon their judgments, by writs which are directed to the sheriff; (u) it has been placed upon a footing with the courts of common law as to the mode of compelling sheriffs to make return of executions; and as to their being entered not called by consent; (w) and it has had extended to it the same facilities of transmitting its process to the sheriffs of distant counties, and of enforcing a return, that had been given to the courts of common law. (x)
It is clear, that commissioners, acting under a commission from, this court, directing them to take evidence, have authority to issue a summons to call a witness before them; and if the witness should fail or refuse to attend and to testify, it is equally clear, that he may be forced to do so, or be punished by this court. The process, by which the witness is called before the commissioners, isa subpoena; and whether it issues direct from this court itself, or -from its commissioners, it is a process alike legal; and one to which obedience may be enforced. For, the Legislature having expressly recognized the right of the commissioners to summon witnesses before them, it necessarily follows, that the court must have the power of enforcing their attendance there, (y) The public good as well as the immediate interests of the parties requires, that, in cases of contumacy to the law, obedience should be enforced with as little delay and expense as possible. If such a subpoena were to issue direct from this court, there is no doubt that it might and ought to be executed by the sheriff if required; and I know of no law or reason why such process should not be executed by him when issued by the commissioners, who, in that respect, act as a part of the court itself, (z) The sheriff being a public sworn officer, his return to all process is conclusive until the contrary is shewn; and besides, as he is charged with the execution of many similar duties over his county, such summons may, in most instances, be more readily and economically served by him than by any indifferent person.
I am therefore of opinion, that it was the right and duty of the sheriff to serve the summons issued by the commissioners in this case. And as a clear and necessary consequence of its being his duty to execute such process, it follows, that he is entitled to the *440 fees allowed by law for the performance of such service; and the register must be directed to tax such féés in the bill of costs accordingly.
But in this case the sheriff has made out his account in so loose and indefinite a manner, that the amount, as now claimed, cannot be allowed. The process itself, with the sheriff’s return endorsed, or a certificate'by the commissioners of the service having been performed by the sheriff, should have been returned with the commission ; or in place of it some unequivocal evidence must be produced, that such summons was issued by the commissioners, and served by the sheriff. But, as it seems to he unjust, at once, to reject this claim merely because of what evidently appears to have been a mistake of the claimant, I shall let the matter stand over with leave to have the claim, if practicable, fully and correctly authenticated..
■ Ordered, that the claim as set forth in this petition stand over until the 20th instant, withleave to produce further proof.
After which an additional voucher of this claim was laid before the Ghancellor.
•24th August, 1831.
Bland, Chancellor.
This claim having been authenticated by a certificate of one of the commissioners, that' the subpoenas had been issued by .them and served by the sheriff. It is Ordered, that the legal fees for the services so performed by the. sheriff of Anne Arundel county, be and the same are hereby allowed; and the register is hereby authorized and directed to tax the same as a part of the costs accordingly.

 Amey v. Long, 9 East. 484; Lupton v. Hescott, 1 Cond. Cha. Rep. 138; Maccubbin v. Matthews, 2 Bland, 250.

 Forum Rom. 35.

 Forum Rom. 37, 41.

 1 Harr. Pra. Chan. 229

 Forum Rom. 70; 1 Harr. Pra. Chan. 234.

 Prac. Reg. 346.

 Forum Rom. 118; 1 Harr. Pra. Chan. 445 ; 2 Fowl. Exch. Pra. 89; Wardel v. Dent, 1 Dick. 334; Hennegal v. Evance, 12 Ves. 201.

 1 Harr. Pra. Chan. 193; 2 Hair. Ent. 772.

 Hoye v. Penn, 1 Bland, 29; Taylor v. Gordon, 1 Bland, 132, note. — Skowell v. Skowell, 1713. — Service of the subpcena proved before Col. Williams. — Chancery Proceedings, lib. P. L. fol. 8.

 1785, ch. 72, s. 16.

 Gibson v. Tilton, 1 Bland, 354; Bryson v. Petty, 1 Bland; 182, note; Contee v. Dawson, 2 Bland, 283; Maccubbin v. Matthews, 2 Bland, 252; Harris v. Saunders, 10 Com. Law Rep. 373; Thurlt v. Faber, 18 Com. Law Rep. 136; Turnbull v. Moreton, 18 Com. Law Rep. 215; Clay v. Stephenson, 30 Com. Law Rep. 225.

 1824, ch. 133.

 1763, ch. 18.

 October, 1777, ch. 10 and 13; October, 1778, ch. 17; November, 1779, ch. 25.

 1785, ch. 72, s. 26.

 1826, ch. 247.

 Cowel v. Seybry, 1 Bland, 18, note; 1785, ch. 72, s. 23 and 24.

 Forum Rom. 35.

 1785, ch. 72, s. 23 and 24. — Molinson v. Hemsley, 1712. — An attachment of contempt ordered against the coroner for not having the defendant’s body before the court.— Chancery Proceedings, lib. P. L. fol. I. — Binney’s case, 2 Bland, 101.

 1785, ch. 72, s. 23 and 24 ; 1797, ch. 43; 1818, ch. 193, s. 6.

 1785, ch. 72, s. 25.

 1794, ch. 54; 1789, ch. 42; 1802, ch. 109.

 1817, ch. 139 ; 1819, ch. 144, s. 3.

 1785, ch. 72, s. 16; Maccubbin v. Matthews, 2 Bland, 252; Bryson v. Petty, 1 Bland, 182, note; Anonymous, 14 Ves. 450.

 Cooth a. Jackson, 6 Ves. 30; Forum Bom. 117; Bryson v. Petty, 1 Bland, 182, note.